UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N⁰ 11-CV-3631 (JFB)(AKT)
_____

ROBERT OSUNA,

Plaintiff,

VERSUS

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant.

_____

**MEMORANDUM AND ORDER**
July 16, 2012
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff, Robert Osuna ("plaintiff" or "Osuna") commenced this action in New York Supreme Court, Kings County, against defendant, Government Employees Insurance Company ("defendant" or "GEICO") alleging violations of Section 3420 of the New York State Insurance Law ("Section 3420"). This action was removed by the defendant to this Court on July 27, 2011. Plaintiff claims to be entitled to insurance coverage under a policy issued by GEICO. According to the complaint, the claim relates to an accident on October 4, 2009 involving plaintiff's automobile, in which plaintiff's spouse was injured, and plaintiff's spouse has threatened to file a lawsuit against plaintiff seeking damages for her personal injuries. Defendant allegedly disclaimed coverage on or about December 31, 2009 because plaintiff did not purchase the requisite supplemental spousal coverage under Section 3420 to cover alleged negligence to his spouse.

Plaintiff has now moved for summary judgment alleging that Section 3420(g) is a prohibited bill of attainder.[1] In particular, Section 3420(g) automatically excludes, by virtue of marriage, liability coverage indemnifying an insured for injuries and damages by the insured's negligence to his or her own spouse, unless such injuries and damages are expressly provided for in the liability insurance policy and the insured has paid an additional premium for Supplementary Spousal Insurance which does not increase the monetary limits of the policy. Plaintiff contends that this law is a

---

[1] Plaintiff's complaint is devoid of any allegation that Section 3420(g) is a prohibited bill of attainder. However, defendant has not argued that it is improper for plaintiff to raise this ground in his motion for summary judgment. Accordingly, the Court will deem plaintiff's complaint amended to include the allegation that Section 3420(g) is a bill of attainder.

1

punishment of married persons that constitutes an unconstitutional bill of attainder.

For the reasons set forth below, this Court finds that Section 3420(g) is not a bill of attainder. The law was enacted to protect insurance carriers against lawsuits through collusive actions between married persons and does not meet the punishment requirement under the test articulated by the Supreme Court and Second Circuit for a bill of attainder. Accordingly, the Court denies plaintiff's motion for summary judgment on that ground.

I. PROCEDURAL HISTORY[2]

Defendant removed this action on July 27, 2011. On October 5, 2011, plaintiff requested that the Court schedule a pre-motion conference in anticipation of his motion for remand. At a telephone conference on October 13, 2011, the Court set a briefing schedule.

By letter dated November 11, 2011, plaintiff withdrew his motion for remand and indicated that he would be requesting that the Court declare the relevant portions of Section 3420(g) a prohibited bill of attainder and subsequently requested a pre-motion conference by letter dated November 24, 2011. Defendant responded by letter dated November 30, 2011 and indicated that such a motion would be premature because the New York State Attorney General had not been notified. By letter dated December 6, 2011, plaintiff indicated that he served notice on the New York State Attorney General on December 5, 2011. The Court then scheduled a pre-motion conference and the defendant submitted a letter prior to the conference dated December 29, 2011.

On January 4, 2012, the Court held a telephone conference and set a briefing schedule for plaintiff's motion for summary judgment. The Court also issued an Order setting forth the briefing schedule and directed that plaintiff serve a copy of the Order on the New York State Attorney General. By letter dated April 27, 2012, the Office of the Attorney General notified the Clerk of the Court that it will not intervene in this action. The plaintiff filed his motion for summary judgment on February 3, 2012. Defendant filed its opposition March 2, 2012. Plaintiff filed his reply on March 19, 2012. The parties participated in oral argument on May 22, 2012. The Court has fully considered all of the arguments presented by the parties.

II. STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those

---

[2] Neither plaintiff nor defendant have filed a 56.1 Statement as required by Local Rule 56.1. However, because plaintiff has only moved for summary judgment with respect to his claim that Section 3420(g) is a prohibited bill of attainder, the Court need not provide a recitation of the factual background of this case. Accordingly, the requirement that the parties file Local Rule 56.1 statements is waived.

2

made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (emphasis in original)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S.Ct. 2505 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48, 106 S.Ct. 2505 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

### III. DISCUSSION

#### A. Bill of Attainder

Article I, Section 9, Clause 3 of the United States Constitution states, "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3. Moreover, Article I, Section 9, Clause 10 of the United States Constitution states, in relevant part, "No State shall . . . pass any Bill of Attainder . . ." U.S. Const. art. I, § 10, cl. 1. The Supreme Court has held that

> [a] bill of attainder is a legislative act which inflicts punishment without a judicial trial. If the punishment be less than death, the act is termed a bill of pains and penalties. Within the meaning of the Constitution, bills of attainder include bills of pains and penalties.

*United States v. Lovett*, 328 U.S. 303, 315, 66 S.Ct. 1073, 1078 (1946) (quoting *Cummings v. Missouri*, 71 U.S. 277, 323, 18 L. Ed. 356 (1866)). The Supreme Court has articulated three elements of a bill of attainder: (1) "specification of the affected persons," (2) "punishment," and (3) "lack of a judicial trial." *Selective Serv. Sys.v. Minn. Pub. Interest Research Grp.*, 468 U.S. 841, 846-47, 104 S.Ct. 3348 (1984).

As the Second Circuit has explained,

> [W]ith respect to the existence *vel non* of punishment, three factors guide our consideration: (1) whether the challenged statute falls within the historical meaning of legislative punishment (historical test of punishment); (2) whether the statute, "viewed in terms of the type of severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes" (functional test of punishment); (3) whether the legislative record "evinces a [legislative] intent to punish" (motivational test of punishment).

*ACORN v. U.S.*, 618 F.3d 125, 136 (2d Cir. 2010) (quoting *Selective Serv. Sys.*, 468 U.S. at 853.) "'[T]h[e] factors are the evidence that is weighed together in resolving the bill of attainder claim.'" *Id.* (quoting *Con Edison Co. of N.Y., Inc. v. Pataki*, 292 F.3d 338, 350 (2d Cir. 2002)). Moreover, with regards to acts of the legislature, "[h]owever expansive the prohibition against bills of attainder, it surely was not intended to serve as a variant of the equal protection doctrine, invalidating every Act of Congress or the States that legislatively burdens some persons or groups but not all other plausible individuals." *Nixon v. Adm'r of Gen. Services*, 433 U.S. 425, 471, 97 S. Ct. 2777, 2804, 53 L. Ed. 2d 867 (1977). "Forbidden legislative punishment is not involved merely because the Act imposes burdensome consequences. . . ." *Id.* at 472-73.

B. **New York State Insurance Law Section 3420(g)**

Section 3420(g) states that:

> (g) No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy as provided in paragraphs one and two of this subsection. This exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse.
>
> (1) Upon written request of an insured, and upon payment of a reasonable premium established in accordance with article twenty-three of this chapter, an insurer issuing or delivering any policy that satisfies the requirements of article six of the vehicle and traffic law shall provide coverage against liability of an insured because of death of or injuries to his or her spouse up to the liability insurance limits provided under such policy even where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse. Such insurance coverage shall be known as "supplemental spousal liability insurance".
>
> (2) Upon issuance of a motor vehicle liability policy that satisfies the requirements of article six of the vehicle and traffic law and that becomes effective on or after January first, two thousand three,

4

pursuant to regulations promulgated by the superintendent, the insurer shall notify the insured, in writing, of the availability of supplemental spousal liability insurance. Such notification shall be contained on the front of the premium notice in boldface type and include a concise statement that supplementary spousal coverage is available, an explanation of such coverage, and the insurer's premium for such coverage. Subsequently, a notification of the availability of supplementary spousal liability coverage shall be provided at least once a year in motor vehicle liability policies issued pursuant to article six of the vehicle and traffic law, including those originally issued prior to January first, two thousand three. Such notice must include a concise statement that supplementary spousal coverage is available, an explanation of such coverage, and the insurer's premium for such coverage.

N.Y. Ins. Law § 3420. Plaintiff contends that Section 3420(g) is a prohibited bill of attainder. Specifically, plaintiff argues that "[t]he entire Section specifically targets lawfully married persons solely by virtue of their marriages." (Pl.'s Br. at 5.) Defendant argues that Section 3420(g) is not a bill of attainder because there is no "punishment" as defined by the Supreme Court and Second Circuit. For the reasons set forth *infra*, the Court finds that Section 3420(g) is not a bill of attainder because it does not meet the punishment requirement as set forth in Supreme Court and Second Circuit jurisprudence. The Court will address the historical test of punishment, the functional test of punishment and the motivational test of punishment in turn.[3]

1.   The Historical Test for Punishment

The infamous history of bills of attainder is a useful starting point in the inquiry whether the Act fairly can be characterized as a form of punishment leveled against appellant. For the substantial experience of both England and the United States . . . offers a ready checklist of deprivations and disabilities so disproportionately severe and so inappropriate to nonpunitive ends that they unquestionably have been held to fall within the proscription of [the Bill of Attainder Clause].

*Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 473, 97 S. Ct. 2777, 2805 (1977). Examples of historical forms of punishment are death, imprisonment, banishment, confiscation of property and legislative enactment barring designated individuals or groups from participation in certain employment. *See id*. at 473-74.

Section 3420 does not impose a historical form of punishment on married couples. Plaintiff complains that, in order for a spouse's injuries to be covered, the "insured has paid an additional, double premium for Supplemental Spousal Insurance which does not increase the

---

[3] In plaintiff's reply affirmation, plaintiff states that "Defendant's reliance on the 'penalty' – tests in these cases is misplaced and factually inappropriate . . ." (Pl.'s Reply. Aff. at 7.) However, based on clear Second Circuit precedent, as detailed *supra*, this Court disagrees with plaintiff and finds that the three tests for punishment must be analyzed when determining whether an act of a governmental authority meets the punishment requirement of a bill of attainder.

5

monetary limits of the policy" and "[n]o other persons sustaining injuries or damage by the insured's conduct are similarly excluded by the scope of indemnity cover." (Pl.'s Br. at 5.) However, requiring spouses to pay an additional premium to be covered by their spouse's insurance policy is not a "deprivation[] and disability[y] so disproportionately severe and so inappropriate to nonpunitive ends that they unquestionably have been held to fall within the proscription of [the Bill of Attainder Clause]." *See Nixon*, 433 U.S. at 473. Accordingly, Section 3420(g) does not impose a historical form of punishment.[4]

2.   Functional Test of Punishment

"The functional test of punishment looks to whether the challenged law, 'viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes.'" *ACORN*, 618 F. 3d at 138 (quoting *Nixon*, 433 U.S. at 475). "'[A] grave imbalance or disproportion between the burden and the purported nonpunitive purpose suggests punitiveness, even where the statute bears some minimal relation to nonpunitive ends.'" *Id*. (quoting *Foretich v. U.S.*, 351 F.3d 1198, 1222 (D.C. Cir. 2003).

Here, there is no "grave imbalance or disproportion between the burden and purported nonpunitive purpose." The burden imposed by Section 3420(g) is that a married couple must pay a Supplemental Spousal Insurance premium which does not increase the limits of the policy, but will add the additional spouse to the policy. As defendant correctly states "[t]he plaintiff's view of 'punishment' is the inability to obtain insurance liability coverage under the Insurance Interspousal Immunity clause. The 'punishment' could easily have been alleviated by the plaintiff paying the applicable premium and obtaining the offered coverage." (Def.'s Opp. Br. at 6.) Thus, the "burden" alleged by plaintiff is not a heavy burden and merely the imposition of a fee to include a spouse in the insurance policy.

Moreover, as defendant states in its brief, "the purpose of the act was to protect insurance carriers against lawsuits through collusive actions between husband and wife. The amendment of the insurance law in 2002 to allow for available coverage clearly removes this legislation from any 'punishment' under the constitutional standard." (Def.'s Opp. Br. at 7.) This Court agrees with the defendant that the burden of paying an additional premium to extend coverage to a spouse can be reasonably said to further the nonpunitive ends of the statute. Moreover, the additional premium is not in grave disproportion to the nonpunitive legislative purpose of avoiding collusion and protecting insurance carriers against lawsuits. Plaintiff acknowledges that the purpose of the statute is to avoid collusion between spouses, but argues that this was an inappropriate assumption of culpability by the legislature. (*See* Pl.'s Br. at 15-19.) However, plaintiff does not provide any support for his position that this was an irrational or unreasonable legislative determination. In any event, plaintiff does not adequately address how the Supplemental Spouse premium is a burden

---

[4] It appears that plaintiff is not arguing that Section 3420(g) imposes a historical form of punishment. In plaintiff's reply affirmation, he argues that "[c]ontrary to Defendant's contention, violations of the Attainder Clause are not necessarily viewed restrictively nor have to closely parallel historical characteristics of past prohibited legislation." (Pl.'s Reply. Aff. at 9.) Although plaintiff is correct that punishment need not be imposed in the historical sense for an act to be a bill of attainder, as detailed *infra*, Section 3420(g) also does not meet the functional test of punishment or the motivational test of punishment, and therefore is not a bill of attainder.

6

that is disproportionate to the legislative purpose of avoiding collusion. Thus, plaintiff has failed to show that Section 3420(g) imposes punishment under the functional test.

3.  Motivational Test of Punishment

"The legislative record by itself is insufficient evidence for classifying a statute as a bill of attainder unless the record reflects overwhelmingly a clear legislative intent to punish." *ACORN*, 618 F.3d at 141.

Here, plaintiff has not demonstrated that there was a "clear legislative intent to punish." As discussed *supra*, plaintiff agrees that the legislative purpose of Section 3420(g) is "[t]o prevent collusive and fraudulent liability claims for injuries and damages caused by an insured or his or her spouse." (Pl.'s Br. at 6.) Although plaintiff argues that culpability was legislatively assumed (*Id*. at 15-19), he points to nothing in the legislative record that would support a finding that there was "overwhelmingly a clear intent to punish" married couples. Instead, it is clear that the motivation is to prevent collusion. Thus, plaintiff has not met his burden and has failed to demonstrate that Section 3420 is punishment according to the motivational punishment test.

IV.  CONCLUSION

For the reasons set forth *supra*, the Court concludes that Section 3420(g) is not a prohibited bill of attainder. Thus, plaintiff's motion for summary judgment on that ground is denied.[5]

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:   July 16, 2012
         Central Islip, NY

\* \* \*

Plaintiff is being represented by Ian Anderson, Esq., 11 Park Place, Suite 600, New York, NY 10007. Defendant is being represented by Francis Jarlath Scahill, Esq. of Picciano & Scahill P.C., 900 Merchant Concourse, Ste. 310, Westbury, NY 11590.

---

[5] Defendant argues that "[i]n this proceeding it is not the plaintiff but the defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY who have met their burden and respectfully request, in accord with Rule 56(f)(1) summary judgment be awarded to the non-movant, GOVERNMENT EMPLOYEES INSURANCE COMPANY." (Def.'s Opp. Br. at 10 (emphasis in the original).) However, defendant did not request a pre-motion conference in anticipation of cross-moving for summary judgment, nor did the defendant properly file a cross-motion for summary judgment. Accordingly, it is improper for the Court to consider any summary judgment motion by defendant in the absence of a formal motion.